PATRICK M. WILKINS *v.* WILLIAM H. BASSETT.

A vendor who fails to comply with his obligation to release a mortgage on the property sold, and thereby impedes or prevents its resale, or subjects his vendee to unnecessary expense, or the title to doubt, will be responsible in damages.

APPEAL from the District Court of St. Landry, *Campbell*, J.

GARLAND, J.  This action is brought to recover a balance due on three promissory notes, given by the defendant to Patrick M. Wilkins, to secure the price of certain real estate in the Parish of Lafayette, which the latter sold to the former.  The defence is, that when the plaintiff sold the property, he warranted it to be free from all mortgages and claims whatever, yet that there was actually a mortgage on it at the time, for about $3500, in favor of one Hathorn.  This, the plaintiff by his warranty, was bound to erase and discharge, which he neglected or refused to do, for a long time, whereby the defendant was prevented from selling the property to advantage.  The defendant avers, that he has sustained damages to the amount of $3000, which he claims in reconvention.

It appears, that after the sale from Wilkins to Bassett, the latter sold the property to one Hamilton, and retained a mortgage on it. This purchaser not paying the price, Bassett took out an order of seizure against him, and under it, the property was offered for sale, and a bid of about $2500 made for it, which was more than was owing by Bassett to Wilkins, but in consequence of the latter refusing or neglecting to raise the mortgage in favor of Hathorn, the Sheriff could not adjudicate the property, as the bid was not sufficient to cover that mortgage.  Previous to this pro-

ceeding, the attorney of Bassett applied to Wilkins to have this mortgage released, but it was not done.  Subsequent to this, Wilkins took out an order of seizure and sale on his mortgage, to enforce the payment of the sum due  on  the notes annexed to the present petition.   Under it, the Sheriff proceeded to offer the property for  sale,  but  in  consequence  of  the  mortgage  to  Hathorn remaining on the records and  being  included in the certificate of mortgage, the Sheriff could  not  adjudicate it, as no bid could be obtained to an amount sufficient to  cover  it.    In  consequence  of this difficulty the sale  was  postponed,  and  the property readvertised five or  six  times.    The  proceedings continued to drag on for more than a year, and the costs were swollen to a large sum ; during which time  different  persons  wished to purchase the property,  and  were  willing  to give as  much  as  would have paid the debt, or more, if Wilkins  would  cause Hathorn's mortgage to be erased.   Finally,  the  mortgage  in  favor  of  Hathorn's estâte was released, and then in consequence, as  it  is  alleged, of the doubts created and existing as to the title to the property, and the depreciation in its  value,  it  sold  for  the  sum  of $602, which left due the sum now  claimed.

Whilst the proceedings above  stated were pending, the Sheriff states, that he applied to Wilkins to have the mortgage in favor of Hathorn released, as it was  the  obstacle  to  a  sale.   Other witnesses say, that they  applied  to  him  about it, as they wished to purchase ;  and he must certainly have known the cause that prevented a sale under his own execution for more that a year.   His neglect or pertinacious refusal to procure the release of this mortgage is remarkable, as it appears, that during the whole time, he had the evidence in his possession of its being discharged.   Why he acted as he did, is not  explained.   By  the  terms of his warranty, he was bound  to  clear  the  property  of  all incumbrances, and he was not authorized upon any principle of law or justice, to keep a mortgage hanging over  it,  when  it was in the market for sale, and it was  the  interest  of  the  defendant to give a good title, and get a  fair  price.    Nor  had  Wilkins the right to cause great and unnecessary  delay  in  the  sale, and thereby swell the costs to a sum equal to about one-half of what the property finally sold for.

It is not a sufficient justification, that he finally procured the mortgage to Hathorn to be released. His long delay in having it erased, and the frequent exposures of the property for sale without effect, no doubt created strong impressions in the community against the validity of the title, which could not be removed by the lapse of a short time.

We cannot concur in the conclusions to which the jury and court below have arrived; but as there was a verdict for the plaintiff, and the evidence does not enable us to fix with precision the damages which the defendant is entitled to recover on his demand in reconvention, we think it proper to remand the cause, that another jury may assess them.

It is therefore ordered and decreed, that the verdict, and judgment rendered thereon, in the District Court, be annulled and reversed, and that the cause be remanded for a new trial; the plaintiff paying the costs of this appeal.

*Swayzé* and *Taylor*, for the plaintiff.

*T. H. Lewis* and *W. B. Lewis*, for the appellant.